[717 NYS2d 608]

In the Matter of Douglas R. Hoffmann, a Suspended Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, November 20, 2000

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for Grievance Committee for the Tenth Judicial District.

*Kase & Drucker,* Garden City (*John Laurence Kase* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Douglas R. Hoffmann has submitted an affidavit dated June 26, 2000 in which he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9).

The respondent avers that he is aware that he is the subject of an ongoing investigation which includes allegations that he intentionally issued escrow checks in the amount of approximately $750,000 knowing that there were insufficient funds in the account to cover those checks. The Grievance Committee has been authorized to institute a disciplinary proceeding against the respondent based on these charges. The respondent acknowledges that he could not successfully defend himself on the merits against such charges.

The respondent avers that his resignation is freely and voluntarily rendered and that he is not being subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects and is fully aware of the implications of submitting his resignation, including the fact that he is barred from seeking reinstatement for at least seven years. The respondent is aware that pursuant to Judiciary Law § 90 (6-a) any order of this Court permitting him to resign could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. The respondent is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the proffered resignation. Inasmuch as the respondent's resignation comports with all appropriate Court rules, it is accepted, Mr. Hoffmann is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

BRACKEN, J. P., O'BRIEN, RITTER, SANTUCCI and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Douglas R. Hoffmann is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Douglas R. Hoffmann is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Douglas R. Hoffmann shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Douglas R. Hoffmann is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.